IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PHAME FACTORY LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 1:18-CV-00621 |
| | § | |
| V. | § | |
| | § | |
| SONY PICTURES ENTERTAINMENT INC. | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff **Phame Factory LLC** ("Plaintiff" or "Phame Factory") files this Complaint against Defendant **Sony Pictures Entertainment Inc.** ("Defendant" or "Sony" or "SPE"). For causes of action against Defendant, Plaintiff alleges as follows:

### INTRODUCTION

1.     This is a civil action at law and in equity for declaratory judgment of non-infringement under the Lanham Act, Trademark Act and the Copyright Act against Defendant. Prior correspondence from Defendant and its attorneys raises a reasonable apprehension of a lawsuit by Defendant against Plaintiff for trade dress, trademark and copyright infringement arising from Plaintiff's efforts to promote, release and distribute the movie "Flay" ("Flay") and from Plaintiff's advertising of the movie "Flay", Flay movie trailer, Flay movie posters, Flay internet/on-line promotions and other Flay advertising.

1

2. Plaintiff seeks a declaration that the movie Flay and related promotion, distribution advertising do not infringe the trade dress, trademark and copyrights claimed by Sony and a declaration of invalidity for some or all of Sony's purported trade dress, trademark or copyright rights. Plaintiff seeks to costs, attorney's fees and interest in conjunction with any further relief as this Court deems just or equitable under the circumstances.

## PARTIES

3. Plaintiff is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 5825 Terravista Dr., Austin, Texas 78735-1758.

4. Upon information and belief, Sony is a corporation organized under the laws of the State of Delaware, with its principle place of business at 10202 West Washington Boulevard, Culver City, California 90232. Upon information and belief, Sony is directly or through its subsidiaries or divisions regularly transacting business in the State of Texas and in this Judicial District.

## JURISDICTION

5. This civil action arises under the Constitution and laws of the United States, in particular: the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"); the Trademark Laws of the United States, 15 U.S.C.. § 1051 et seq. (the "Trademark Act"); 15 U.S.C. §1125, et seq. (the "Lanham Act"); and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As such, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, Sony is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Sony's continuous and systematic contacts with the State of Texas and this Judicial District and Sony's substantial business in this forum, including: (i) active enforcement of trade dress, trademark and copyright rights in the State of Texas and in this Judicial District; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas and in this Judicial District. In addition, this complaint arises out of purposeful acts committed by Sony in this Judicial District.

## VENUE

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b). Upon information and belief, Sony directly or through its subsidiaries or divisions has transacted business in this Judicial District, including distribution of movies subject to trade dress, trademark and copyright rights that Sony has attempted to enforce against Plaintiff as well as other parties in this Judicial District. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Judicial District.

# FACTS

### A.   Phame Factory LLC

8.  Founded in 2011, Plaintiff Phame Factory is a digital video, movie and feature film production company located in Austin, Texas.

9.  In 2013, Phame Factory embarked upon an exciting new project, an original feature horror film featuring Flay, a malevolent Native American spirit. Phame Factory started production of this film in Austin, Texas in 2014. Final edits of the film for the movie "Flay" together with its trailer and poster were completed in January 2018.

10. Phame Factory entered into a contract with Distribber.com ("Distribber"), a movie distributor, to release and distribute the movie "Flay" and a release date of March 6, 2018 was set. Phame Factory and Distribber then made efforts to promote, distribute and advertise the Flay movie, Flay movie trailer, Flay movie posters, Flay internet/on-line promotions and through other Flay advertising starting in late January 2018.

### B.   Sony Pictures Entertainment Inc.

11. Upon information and belief, Defendant Sony is a subsidiary of Sony Entertainment Inc., which is a subsidiary of Tokyo-based Sony Corporation. Sony's global operations encompass motion picture production, acquisition, and distribution; television production, acquisition, and distribution; television networks; digital content creation and distribution; operation of studio facilities; and development of new entertainment products, services and technologies. Sony's subsidiaries and divisions include Columbia Pictures,

Screen Gems, TriStar Pictures, Sony Pictures Animation, Stage 6 Films, AFFIRM Films, and Sony Pictures Classics. Sony, Screen Gems and Sony Pictures Releasing.distribute movies to movie theaters in Texas and this Judicial District.

12. On January 25, 2018, Sony sent a cease and desist letter to Phame Factory's movie distributor, Distribber, alleging trade dress, trademark and copyright infringement and demanding that Phame Factory's movie distributor cease and desist promotion, distribution and advertisement of the Flay movie, Flay movie trailer, Flay movie posters, Flay internet/on-line promotions and other Flay advertising. **Exhibit A**.

13. On January 31, 2018, Distribber sent Sony an email responding to Sony's January 25, 2018 cease and desist letter confirming Distribber's complaince with Sony's cease and desist demand writing that the "film will not be published on any digital platform until Distribber has received notification in writing (from all parties) that the IP conflict has been resolved." **Exhibit B**.

14. Phame Factory responded to Sony on February 2, 2018 setting forth reasons why Sony's trade dress, trademark and copyright misappropriation/infringement allegations were baseless and requesting Sony confirm that it "withdraws all claims and demands made in the Sony letter and considers this matter resolved." **Exhibit C**.

15. On February 20, 2018, Sony sent another cease and desist letter to Phame Factory in this Judicial District raising a reasonable apprehension of a lawsuit by Sony against Phame

Factory. In this letter Sony alleged trade dress, trademark and copyright infringement by Phame Factory's promotion, distribution and advertisement of the Flay movie, Flay movie trailer, Flay movie posters, Flay internet/on-line promotions and other Flay advertising. **Exhibit D**.

16. On February 22, 2018, Phame Factory responded to Sony's February 20, 2018 cease and desist letter asserting that Sony had failed to "provide any proper notice of what specific intellectual property is alleged to be infringed or misappropriated" and requesting again that Sony confirm that it "withdraws all claims and demands made in the Sony letter and considers this matter resolved." **Exhibit E**.

17. Sony responded with a final cease and desist letter dated February 26, 2018 to Phame Factory in this Judicial District again raising a reasonable apprehension of a lawsuit by Sony against Phame Factory. In this letter Sony again alleged trade dress, trademark and copyright infringement by Phame Factory's promotion, distribution and advertisement of the Flay movie, Flay movie trailer, Flay movie posters, Flay internet/on-line promotions and other Flay advertising. **Exhibit F**.

18. Sony responded via an e-mail dated April 9, 2018 writing "As we have previously informed you, your client's liability for its unauthorized use of the Slender Man character constitutes, among other things, copyright infringement, trademark infringement and false designation of origin under the Lanham Act. In our April 4, 2018 call, you asked whether my client intended also to assert a claim or claims for trade dress infringement, in addition to its other rights and remedies. The answer is yes". **Exhibit G**.

**C.     Sony's Slender Man Movie Set To Be Released August 10, 2018 In This Judicial District**

19.     Upon information and belief, Sony is set to release and distribute the movie "Slender Man" on Auguest 10, 2018 in this Judicial District.  Sony has released a Slender Man movie trailer, distributed Slender Man movie posters and other advertising of the Slender Man movie in this Judicial Disrict.

20.     Upon information and belief, the Slender Man character depicted in Sony's Slender Man movie, in the Slender Man movie trailer and in the Slender Man movie posters is the subject of Sony's alleged intellectual property rights set forth in Sony's cease and desist letters.

**COUNT ONE: DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

21.     Phame Factory repeats the allegations set forth in paragraphs 1-20 and incorporates them herein by reference.

22.     Sony's conduct in sending cease and desist letters to Phame Factory in this Judicial District alleging trade dress, trademark and copyright infringement has created a reasonable apprehension that Phame Factory or any of its movie distributors will be subjected to a lawsuit based upon trade dress, trademark and copyright infringement if it does not meet Sony's demand to cease and desist and continues with the promotion, distribution and advertisement of the Flay movie, Flay movie trailer, Flay movie posters, Flay internet/on-line promotions and other Flay advertising.

23. The promotion, distribution and advertisement of the Flay movie, Flay movie trailer, Flay movie posters, Flay internet/on-line promotions and other Flay advertising. does not infringe any of Sony's alleged trade dress, trademark or copyright rights.

24. For these reasons, Phame Factory is entitled to a judgment declaring that Phame Factory's promotion, distribution and advertisement of the Flay movie, Flay movie trailer, Flay movie posters, Flay internet/on-line promotions and other Flay advertising, do not infringe Sony's alleged trade dress, trademark and copyright rights.

## COUNT TWO: DECLARATORY JUDGMENT OF INVALIDITY OR UNENFORCEABILITY OF SONY'S ALLEGED TRADE DRESS, TRADEMARK AND COPYRIGHT RIGHTS

25. Phame Factory repeats the allegations set forth in paragraphs 1-24 and incorporates them herein by reference.

26. Sony's alleged trade dress, trademark and copyright rights are either indefinite, encompass free to use by all public domain property or lack the requisite legal requirements to be protectable and enforceable under the Lnaham Act, Trademark Act and Copyright Act.

27. For these reasons, Phame Factory is entitled to a judgment declaring that Sony's alleged trade dress, trademark and copyright rights are invalid, not protectable or are unenforceable under the Lanham Act, Trademark Act and Copyright Act.

## DEMAND FOR JURY TRIAL

28. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Fortune hereby demands a trial by jury on all issues so triable in this action.

9

## **PRAYER FOR RELIEF**

WHEREFORE, Phame Factory respectfully requests this Court enter:

1. Judgment declaring that Phame Factory has not and does not infringe any valid or enforceable trademarks, trade dress rights or copyrights rights threatened to be enforced by Sony;

2. Judgment awarding Phame Factory's attorney's fees and costs under the Declaratory Judgment Act;

3. Judgment awarding Phame Factory interest in costs incurred in this action; and

4. Judgment awarding to Phame Factory any such other relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Raymond M. Galasso
Raymond M. Galasso
Texas Bar No. 24026663
5136 China Garden Dr.
Austin, Texas 78730
Phone: (512) 413-2601

ATTORNEY FOR PHAME FACTORY, LLC