# EXHIBIT A

# Of Plaintiff Phame Factory LLC's Complaint



**LINDA M. BURROW**
lburrow@bsfllp.com

**VIA EMAIL AND
FIRST-CLASS MAIL**

January 25, 2018

Distribber.com
6330 San Vicente Blvd.
Suite 520
Los Angeles, CA  90048

Re:   *Misappropriation of Slender Man character in "Flay"*

This firm represents Sony Pictures Entertainment ("SPE") and is writing on behalf of SPE, Mythology Entertainment, LLC ("Mythology"), and It Is No Dream Entertainment, LLC ("It Is No Dream") in connection with the unauthorized and infringing use of the Slender Man character in the film variously titled "Flay," "Flay AKA Slender," and simply "Slender" (hereinafter "Flay"), which I understand is being distributed by Distribber.

Specifically, on January 15, 2018, the website Rue Morgue reported that "Flay" "is set for digital release March 6 from Distribber." *See* https://www.rue-morgue.com/exclusive-trailer-release-details-phantasm-star-faces-new-evil-in-flay/. The planned March 6, 2018 release date was confirmed on another website in a January 19, 2018 article headlined "Release Details for Slender Man-esque 'Flay'." *See* http://bloody-disgusting.com/home-video/3479244/release-details-slender-man-esque-flay/. In addition, the film's director, Eric Pham, commented on the film's Facebook page that "we're still waiting for the approval of iTunes/amazon. Looks like it won't be ready till late January."

SPE's Screen Gems division has acquired the exclusive motion picture rights to the Slender Man character. Mythology and It Is No Dream, an entity affiliated with Slender Man's creator, Eric Knudsen, have certain copyright and trademark rights in and to Slender Man. No one associated with "Flay" has a license or any other form of permission to use any elements of the Slender Man intellectual property. Despite this, Mr. Pham has persisted in publicizing and attempting to distribute a film that is based on the Slender Man character, as he has openly admitted, and Distribber is now involved in that process.



January 25, 2018
Page 2

As set forth below, this ongoing misappropriation of the Slender Man character exposes any entity involved in distributing the film to substantial legal jeopardy, including liability under the Copyright Act and the Lanham Act. Please confirm in writing within five (5) business days of the date of this letter that Distribber will cease and desist in publicizing and distributing "Flay." If Distribber fails to do so, SPE will pursue all appropriate steps to enforce its rights under state and federal law, including seeking an injunction and statutory damages for willful copyright infringement.

I.     "FLAY" ADMITTEDLY COPIES THE SLENDER MAN CHARACTER

Members of the public and press who have viewed "Flay" or advertising for "Flay" agree that it copied the Slender Man character, describing the character in "Flay" as "strongly resembl[ing] the Slender Man" (http://horrordomain.com/headliners/posts/index.cfm?f=256&t=26277) and the film itself as a "'Slender Man' Look-alike" (http://www.horror-movies.ca/2014/12/slender-man-look-alike-flay-will-trap-soul/).

As recently as January 19, 2018, a reader comment in response to a story about the pending release of "Flay" stated, in part, **"Uhhh, this is straight up slender man."** *See* http://bloody-disgusting.com/home-video/3479244/release-details-slender-man-esque-flay/. Press coverage of the planned March 2018 release (*id.*) and of the prior distributor's acquisition of rights describes "Flay" as "Slender Man-esque." *See* http://bloody-disgusting.com/movie/3439151/uncorkd-nabs-slender-man-esque-flay/. In May 2017, one of the reader comments to the story of the prior distributor's acquisition of rights in "Flay" stated, **"I'm surprised they were able to get away with making their monster that obvious a Slender Man copy."** *Id.*

This copying of the Slender Man character is intentional, as the film's backers specifically drummed up interest in the film by naming it "Slender":





January 25, 2018
Page 3

*Available at* http://www.28dayslateranalysis.com/2015/10/a-whitish-figure-stalks-this-trailer.html (noting that "film was previously titled *Flay*").

## II. "FLAY" VIOLATES THE INTELLECTUAL PROPERTY RIGHTS OF SPE, MYTHOLOGY AND IT IS NO DREAM

These purposeful efforts to associate "Flay" with, and to profit from, the original Slender Man character are a gross violation of SPE, Mythology, and It Is No Dream's intellectual property rights.

### A. *Violations of the Copyright Act*

To establish liability for copyright infringement, SPE must prove only that it has the rights in a valid copyright and that "Flay" copied original expression from the copyrighted work. *Feist Publ'ns v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."). "Copying" in this context is "shorthand" for the numerous methods of infringing the exclusive rights described at 17 U.S.C. § 106. *See Range Rd. Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012).

There is no question that the Slender Man character is validly copyrighted. Mr. Knudsen, Slender Man's undisputed creator, registered his work with the Copyright Office in January 2010. He has since protected his rights in the Slender Man character, and licensed the rights to use his creation to various parties, including the exclusive motion picture rights to SPE. *See* 17 U.S.C. § 106 (holder of the copyright has the exclusive right to (1) reproduce the work; (2) prepare derivative works based on the original; (3) distribute copies of the work to the public by sale or other means; (4) perform the works; and (5) display the works).

Nor is there any question that "Flay" blatantly copies – and therefore infringes – the Slender Man character, and indeed relies on that character as its central antagonist. The visual depiction of the antagonist in the "Flay" film is identical to Slender Man, and "Flay's" director and backers have acknowledged publicly – both in press interviews and in the actual naming of the film "Slender" – that the "Flay" antagonist *is intended to be* Slender Man. The public's perception of "Flay" as a Slender Man film merely confirms that "Flay" infringes on the protected Slender Man character.

Penalties for copyright infringement include, in addition to injunctive relief, actual damages and the defendants' profits attributable to the improper use, or statutory damages of up to $150,000 per work for willful infringement, along with attorneys' fees. *Id.* § 504(c[C1]).



January 25, 2018
Page 4

Because Distribber is now on notice that SPE has the exclusive motion picture rights in the Slender Man character, any further effort by Distribber to publicize and distribute the infringing film "Flay" would constitute willful copyright infringement. *See* 17 U.S.C. § 504(c)(2); *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012) ("[T]o prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." (quoting *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011))).

### B. *Violations of the Lanham Act*

Distribber is also liable for violations of the Lanham Act in connection with "Flay's" misappropriation and unauthorized use of the Slender Man character and the trademarks held by It Is No Dream and Mythology.

Trademarks "serve as the identity of their owners and in them resides the reputation and goodwill of their owners. Thus, if another person infringes the mark[], that person borrows the owner's reputation, whose quality no longer lies within the owner's control." *CytoSport, Inc. v. Vital Pharms., Inc.*, 617 F.Supp.2d 1051, 1080 (E.D. Cal. 2009). Trademark protections are expressly intended "to 'avoid confusion in the marketplace' by allowing a trademark owner to prevent[] others from duping consumers into buying a product they mistakenly believe is sponsored by the trademark owner." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 806-07 (9th Cir. 2003) (internal citation and quotation marks omitted).

To establish liability for trademark infringement, the owners of valid trademarks must prove that the trademarks were used without consent in a manner that is likely to cause confusion among ordinary consumers. *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (citing *Department of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006)); *see also* Ninth Circuit Manual of Model Civil Jury Instructions § 15.6.

The misappropriation of the Slender Man character in "Flay" also constitutes a false designation of origin under 15 U.S.C. § 1125(a)(1)(A). To establish liability for this Lanham Act violation, SPE, Mythology, and It Is No Dream need to show only that "there was a false designation of origin or false description of the goods or services . . . [i.e.,] there is a likelihood of confusion." *United States Olympic Comm. v. Xclusive Leisure & Hospitality Ltd.*, No. C 08-03514 JSW, 2008 WL 3971120, at *7 (N.D. Cal. Aug. 25, 2008).



January 25, 2018
Page 5

Neither Distribber, nor any other entity involved with "Flay," has ever had permission to use any Slender Man trademark or to associate itself in any way with Slender Man. Further, there is not just a likelihood of confusion, there is proof of actual public confusion with respect to "Flay" and its misappropriation of the Slender Man character. Both members of the public and the press who have viewed "Flay" or advertising for "Flay" believe that it not only depicts Slender Man, but that it is actually a film about Slender Man.

This confusion and deception of the public caused by "Flay's" unauthorized use of the Slender Man character damages SPE, Mythology, and It Is No Dream financially, particularly in advance of the release of SPE's own authorized Slender Man motion picture. It also irreparably harms all three entities' goodwill and reputation, and more than supports an injunction barring further distribution of "Flay." This is also an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling SPE to, among other things, any profits from "Flay," treble damages or statutory damages, and an award of attorneys' fees.

### III.   CONCLUSION

For all of these reasons, "Flay" and its copying of the Slender Man character violate the intellectual property rights of SPE, Mythology, and It Is No Dream.

Again, please confirm in writing within five (5) business days of the date of this letter that Distribber will cease and desist in publicizing and distributing "Flay." Absent such confirmation, SPE will take all appropriate steps to preserve its rights. Nothing herein should be deemed a waiver of any of the rights or remedies of SPE, Mythology, or It Is No Dream, all of which are expressly reserved.

Very truly yours,

*[signature]*
LINDA M. BURROW

cc:   Eric T. Pham
      Phame Factory LLC
      5825 Terravista Dr.
      Austin, TX  78735