# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| PHAME FACTORY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CIV. ACTION NO. 1:18-CV-621-RP |
| SONY PICTURES | § | |
| ENTERTAINMENT INC., | § | |
| | § | |
| Defendant | § | |

## ANSWER OF DEFENDANT SONY PICTURES ENTERTAINMENT INC.

Defendant Sony Pictures Entertainment Inc. ("SPE") files this answer in response to Phame Factory LLC's ("Phame Factory") Complaint and would show as follows:

## ADMISSIONS AND DENIALS

1.      SPE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies them.

2.      SPE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies them.

## PARTIES

3.      SPE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies them.

4.      SPE admits that it is a corporation organized under the laws of Delaware, with its principal place of business at 10202 West Washington Boulevard, Culver City, California 90232. SPE denies any remaining allegations in paragraph 4 of the Complaint.

## JURISDICTION

5.          SPE admits that the Complaint purports to assert causes of action under the Copyright Act (17 U.S.C. § 101 *et seq.*), the Trademark Act (15 U.S.C. § 1051 *et seq.*), the Lanham Act (15 U.S.C. § 1125 *et seq.*) and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).  SPE admits that this Court has subject matter jurisdiction over such causes of action under 28 U.S.C. §§ 1331 and 1338(a). SPE lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies them.

6.          SPE admits that its products have been sold in the State of Texas and in this Judicial District.   SPE denies the remaining allegations contained in paragraph 6 of the Complaint.

## VENUE

7.          SPE admits that venue is proper in this District.   SPE denies the remaining allegations contained in paragraph 7 of the Complaint.

## FACTS

**A.      Phame Factory LLC**

8.          SPE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies them.

9.          SPE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies them.

10.          SPE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies them.

**B.     Sony Pictures Entertainment Inc.**

11.         SPE admits the allegations in paragraph 11 of the Complaint.

12.         SPE admits that the letter attached as Exhibit A to the Complaint was sent on or about January 25, 2018, refers the Court to that letter for an accurate and complete recitation of its contents and otherwise denies the allegations contained in paragraph 12 of the Complaint.

13.         SPE admits that SPE (through counsel) received an email attached as Exhibit B to the Complaint, refers the Court to that email for an accurate and complete recitation of its contents and otherwise denies the allegations contained in paragraph 13 of the Complaint.

14.         SPE admits that SPE (through counsel) received the communication attached as Exhibit C to the Complaint, refers the Court to that communication for an accurate and complete recitation of its contents and otherwise denies the allegations contained in paragraph 14 of the Complaint.

15.         SPE admits that the letter attached as Exhibit D to the Complaint was sent on or about February 20, 2018, refers the Court to that letter for an accurate and complete recitation of its contents and otherwise denies the allegations contained in paragraph 15 of the Complaint.

16.         SPE admits that SPE (through counsel) received the communication attached as Exhibit E to the Complaint, refers the Court to that communication for an accurate and complete recitation of its contents and otherwise denies the allegations contained in paragraph 16 of the Complaint.

17.         SPE admits that the letter attached as Exhibit F to the Complaint was sent on or about February 26, 2018, refers the Court to that letter for an accurate and complete recitation of its contents and otherwise denies the allegations contained in paragraph 17 of the Complaint.

18.          SPE admits that the email attached as Exhibit G to the Complaint was sent on or about April 9, 2018, refers the Court to that letter for an accurate and complete recitation of its contents and otherwise denies the allegations contained in paragraph 18 of the Complaint.

**C.     Sony's Slender Man Movie Set To Be Released August 10, 2018 In This Judicial District**

19.          SPE admits that it released and distributed a movie entitled "Slender Man" on or about August 18, 2018 in this Judicial District and that it released a Slender Man movie trailer, distributed Slender Man movie posters and other advertising of the Slender Man movie in this Judicial District.  SPE denies any remaining allegations in paragraph 19 of the Complaint.

20.          SPE denies the allegations contained in paragraph 20 of the Complaint.

## COUNT ONE:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT

21.          SPE repeats its responses to the allegations set forth in paragraph 1-20 and incorporates them by reference.

22.          SPE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies them.

23.          SPE denies the allegations contained in paragraph 23 of the Complaint.

24.          SPE denies the allegations contained in paragraph 24 of the Complaint.

## COUNT TWO:  DECLARATORY JUDGMENT OF INVALIDITY OR UNENFORCEABILITY OF SONY'S ALLEGED TRADE DRESS, TRADEMARK AND COPYRIGHT RIGHTS

25.          SPE repeats its responses to the allegations set forth in paragraph 1-20 and incorporates them by reference.

26.          SPE denies the allegations contained in paragraph 26 of the Complaint.

27.          SPE denies the allegations contained in paragraph 27 of the Complaint.

## DEMAND FOR JURY TRIAL

28.           Phame Factory's jury demand requires no response from SPE.

## PRAYER FOR RELIEF

29.           SPE denies that Phame Factory is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

30.           The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

31.           The Complaint, and each cause of action alleged therein, fails because Phame Factory has an adequate remedy at law.

### THIRD AFFIRMATIVE DEFENSE

**(Assertion of a Legal Right)**

32.           At all times mentioned in the Complaint, SPE was asserting in good faith its legal rights.

### FOURTH AFFIRMATIVE DEFENSE

**(Compliance with Law and Industry Standards)**

33.           At all relevant times, SPE has been in full compliance with all applicable laws, regulations and industry standards and has acted in a careful, reasonable and prudent manner.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

34.          The Complaint, and each cause of action alleged therein, fails because SPE's actions with respect to Phame Factory were consistent with SPE's obligations, if any, and were justified and effected in good faith.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

35.          The Complaint, and each cause of action alleged therein, fails due to Phame Factory's unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, SPE prays for relief as follows:

1.          That the Complaint be dismissed, with prejudice and in its entirety;

2.          That Phame Factory take nothing by reason of the Complaint and that judgment be entered against Phame Factory and in favor of SPE;

3.          That SPE be awarded its attorneys' fees and costs incurred in defending this action pursuant to 17 U.S.C. § 505 or other applicable law; and

4.          That SPE be granted such other and further relief as the Court may deem just and proper.

6

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone:  (512) 685-6400
Telecopier:  (512) 685-6417


By:      */s/ Kevin Brown*                                   

Kevin W. Brown
Texas State Bar No. 24045222
Kevin.brown@wallerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on the following on this 24th day of October by email and the Court's ECF:

Raymond M. Galasso
5136 China Garden Dr.
Austin, Texas 78730
Phone: (512) 413-2601
cap10pat10@aol.com

/s/ Kevin W. Brown                
Kevin W. Brown